# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| GCX Limited, *et al*.[1], | ) Case No. 19-12031 (CSS) ) Jointly Administered |
| Debtors. | ) ) ) **Ref: D.I. 12, 13, 156, 164** |

## EMERGENCY MOTION OF RELIANCE COMMUNICATIONS LTD. FOR CONTINUANCE OF HEARING ON THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN AND DISCLOSURE STATEMENT

Reliance Communications Limited ("RCom" or "RCOM"), through Anish Nanavaty, its Resolution Professional ("RP"), duly appointed pursuant to the Insolvency and Bankruptcy Code of India (the "IBC"), hereby moves, on an emergency basis, for a continuance of the hearing on confirmation of the Joint Prepackaged Chapter 11 Plan (D.I. 12) (the "Plan") and the Disclosure Statement (D.I. 13) of GCX Limited and its Debtor Affiliates (the "Debtors"), which the Debtors filed on behalf of themselves and the nondebtor entities that are their direct or indirect subsidiaries. RCom filed Objections to the Plan and Disclosure Statement (D.I. 164). In support of this motion for continuance, RCom respectfully states as follows:

---

[1] The 16 debtors in these chapter 11 cases are:
- GCX Limited;
- FLAG Telecom Development Limited;
- FLAG Telecom Group Services Limited;
- FLAG Telecom Ireland Network DAC;
- FLAG Telecom Network Services DAC;
- FLAG Telecom Network USA Limited;
- Reliance FLAG Atlantic France SAS;
- Reliance FLAG Telecom Ireland DAC;
- Reliance Globalcom Limited;
- Reliance Vanco Group Limited;
- Vanco Australasia Pty Limited;
- Vanco GmbH;
- Vanco SAS;
- Vanco UK Limited;
- Vanco US, LLC; and
- VNO Direct Limited.

11399878/1

BACKGROUND

A.    RCom and the Debtors

    1.    The Debtors in this case are all indirect subsidiaries of RCom.   RCom is the indirect parent of debtor GCX Limited ("GCX") (through three intermediary, holding company entities, one in India, one in Bermuda, the third in the Netherlands).  RCom is also the direct owner of .004 percent of the equity interest in debtor Reliance Globalcom Limited, a Bermuda entity ("RGL").   (The rest of the equity in RGL is owned by GCX, and thus indirectly by RCom.)   The other Debtors are subsidiaries of GCX or RGL.

    2.    RCom is, as stated on its website, "India's leading enterprise communications services provider."  *See* http://rcom.co.in/our-company/what-we-do/. It offers "a comprehensive portfolio of enterprise voice, data, video, and IT infrastructure solutions to enterprises and OTTs across India and globally." *Id*.

    3.    In addition to being their indirect parent, RCom is a contract counterparty to several of the Debtors, in connection with numerous ongoing, executory contracts, some of which are critical to the ongoing business of the Debtors.

    4.    Since May 15, 2018, RCom has been in an insolvency proceeding of its own – in India, under India's Insolvency and Bankruptcy Code of 2016 (the "IBC").   Its Corporate Insolvency Resolution Process ("CIRP") commenced on that date pursuant to the order passed by the National Company Law Tribunal, Mumbai Bench ("NCLT"). Thereafter, the National Company Law Appellate Tribunal ("NCLAT") had stayed the CIRP, which had been further vacated by the NCLAT on April 30, 2019. The CIRP of RCom is ongoing.

    5.    On June 21, 2019, Mr. Anish Nanavaty was appointed the "Resolution Professional" for RCom by the NCLT.   A Resolution Professional, or "RP," is roughly a

combination of Chief Restructuring Officer and Trustee. He is overseen by a Committee of Creditors ("CoC"), constituted during the CIRP, which provides approvals on various crucial matters in respect of the corporate debtor.

6. In mid-2019, RCom and the Debtors negotiated, and reached agreement on, revisions to the price structures in some of their key contracts. The new pricing had been approved by the CoC, and it awaited only execution of the documents by the parties.

7. RCom was anticipating engaging in a sale process for GCX, and other parts of its business, within the RCom insolvency proceeding in India.

B.   The Debtors' Bankruptcy Case

8. However, on September 15, 2019 (the "Petition Date"), the Debtors filed their chapter 11 petitions in this Court, together with their Prepackaged Plan and Disclosure Statement, a motion to approve debtor-in-possession financing (D.I. 17) and a motion to approve sale procedures (D.I. 51). The Plan Supplement was filed on November 20, 2019. (D.I. 156).

9. On September 25, 2019, the Court entered an order (D.I. 72) approving the proposed bidding and sale procedures. Those procedures called for Non-Disclosure Agreements to be signed by September 27, 2019, and for irrevocable bids on substantially all the assets of the Debtors' collective, global business to be submitted by October 18, 2019.

10. On October 29, 2019, the Debtors filed a Notice of Revised Bid Deadline (D.I. 118), stating that the bid deadline was being extended to November 1, 2019. It is unclear whether or when any prospective bidders received notice of the extended deadline.

11. On September 16, 2019, the Court entered an order (D.I. 50) approving the form of ballots and notice and scheduling a combined hearing on the plan and disclosure statement. The order set a deadline of October 15, 2019 for the submission of ballots. The ballots include

an "Opt Out" option as to the broad releases of non-debtors set forth in the Plan.

C.      RCom's Class 7 Ballot

12.     RCom was supposed to have been served a Class 7 ballot. *See* Affidavit of Mailing (D.I. 53) at ¶ 2(b) and Exhibit E.

13.     RCom did not, however, receive the ballot and solicitation materials. Nor did the RP receive the ballot and solicitation materials. The RP was not aware that RCom was *supposed* to receive a ballot and related materials. RCom and the RP did not become aware that solicitation materials and a ballot were purportedly mailed to it, until several weeks after the October 15, 2019 voting deadline, when RCom was alerted to the matter by counsel it retained in this case.

14.     On November 27, 2019, the deadline for filing objections to the Plan and Disclosure Statement, RCom filed its Objections (D.I. 164), accompanied by an affidavit from the RP, Anish Nanavaty, and a completed ballot (using the generic form for class 7 ballots that the Debtors filed in the case).

D.      The Confirmation Hearing and RCom's Potential Witness

15.     The hearing on the Plan and the Disclosure Statement (the "Confirmation Hearing") is set for December 4, 2019 at 1:00 p.m.

16.     RCom seeks to have a witness attend the Confirmation Hearing – preferably, either Anish Nanavaty, the RP of RCom, or William Innes, the senior consultant for Deloitte who is a senior member of the RP's team dealing with the RCom insolvency proceeding.

17.     RCom expects to need a witness (a) to support the statements made by Mr. Nanavaty in the affidavit that RCom attached to its Plan Objections, including but not limited to the particulars of having confirmed that RCom did not receive the ballot purportedly sent to it,

and the several other addresses (both physical and email) that GCX might have used to send it, especially given the level of communications that otherwise occur between GCX and RCom – so that its ballot and "Opt Out" may be allowed; and (b) to support, by their testimony, other objections asserted by RCom, including without limitation, information about GCX's value, and RCom's contracts with GCX and their affect on GCX and its Plan.

18. Neither is able to attend the Confirmation Hearing.

19. Mr. Nanavaty needs a visa and is submitting a visa application for travel to the United States, and understands that approval would likely require a week's time; the travel from India to Delaware itself would itself also take a day's time.

20. Mr. Innes has a visa, but he is currently in Scotland, attending to his father who, on October 26, 2019, was given a preliminary diagnosis of a rare form of blood cancer (lymphoplasmacytic lymphoma) following his admittance to Victoria Hospital (Kirkcaldy, Scotland)   His first haematology appointment in respect of this diagnosis is set for December 3, 2019, at 2:30 p.m. in Scotland.  Mr. Innes is the only child of his father, a widower.

21. On November 27, 2019, RCom's counsel asked Debtors' counsel if they would consider agreeing to a continuance of the Confirmation Hearing, and were told that the Debtors would not agree.

REQUEST FOR RELIEF

22. RCom respectfully requests a continuance of at least one week for the Confirmation Hearing, to enable RCom to make arrangements for a witness from overseas to attend.

23. RCom would be substantially prejudiced if unable to present testimony at the hearing, including to support the allowance of its ballot, which RCom did not receive,

notwithstanding that the Debtor has represented that it mailed a flash drive to RCom at one of the several addresses it listed for RCom on its List of Creditors.

24. RCom is the only party to have objected to the Debtors' Plan and Disclosure Statement – and this is not surprising since the entire scheme of the Debtors' Plan is to wrest ownership of GCX from RCom and turn it over to the Senior Noteholders. All other creditors are theoretically unimpaired, and they were not given a chance to vote.

25. A reasonably short postponement of the hearing would serve the interests of the bankruptcy process.

WHEREFORE, for the foregoing reasons, RCom respectfully urges the Court to grant its motion for a continuance of the Confirmation Hearing to another date convenient to the Court and the interested parties.

Dated: December 2, 2019        MORRIS JAMES LLP

/s/ Douglas N. Candeub
Brett D. Fallon (DE Bar No. 2610)
Douglas N. Candeub (DE Bar No. 4211)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
E-mail: bfallon@morrisjames.com
           dcandeub@morrisjames.com

and

Andrea Hartley
M. Katherine F
AKERMAN LLP
50 North Laura Street, Suite 3100
Jacksonville, FL 32202-3646
Telephone: (904) 798-3700
Email: andrea.hartley@akerman.com
          katherine.fackler@akerman.com

*Counsel for Reliance Communications Limited*

11399878/1