**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
:
In re:                                               :   Chapter 11
:
GCX Limited, et al.,[1]                              :   Case No. 19-12031 (CSS)
:
        Debtors.                               :   Jointly Administered
:
:   Hearing Date: February 27, 2020 at 2:00 p.m. (ET)
:   Objection Deadline: February 19, 2020 at 4:00 p.m. (ET)
:   RE: Docket Nos. 12, 156, 169, 172 & 203
---------------------------------------------------------------x

**DEBTORS' MOTION FOR ORDER (I) AUTHORIZING NON-MATERIAL
MODIFICATION OF THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN
PURSUANT TO SECTION 1127(b) OF THE BANKRUPTCY CODE AND
(II) DETERMINING THAT FURTHER DISCLOSURE AND RESOLICITATION OF
VOTES ARE NOT REQUIRED PURSUANT TO SECTION 1127(c)
OF THE BANKRUPTCY CODE**

GCX Limited ("GCX") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), file this motion (the "Motion"), pursuant to sections 105(a), 1127(b) and (c), and 1129 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) approving a certain non-material modification (the "Modification") to the *Joint Prepacked Chapter 11 Plan (as Modified) of GCX Limited and Its Debtor Affiliates*, dated December 2, 2019[2] attached as **Exhibit A** to the *Findings of Fact,*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: GCX Limited (n/a); FLAG Telecom Development Limited (n/a); FLAG Telecom Group Services Limited (n/a); FLAG Telecom Ireland Network DAC (n/a); FLAG Telecom Network Services DAC (n/a); FLAG Telecom Network USA Limited (2662); Reliance FLAG Atlantic France SAS (n/a); Reliance FLAG Telecom Ireland DAC (n/a); Reliance Globalcom Limited (n/a); Reliance Vanco Group limited (n/a); Vanco Australasia Pty Limited (n/a); Vanco GmbH (n/a); Vanco SAS (n/a); Vanco UK Limited (n/a); Vanco US, LLC (0221); and VNO Direct Limited (n/a). The location of Debtor FLAG Telecom Network USA Limited's principal place of business and the Debtors' service address in these chapter 11 cases is 3190 S. Vaughn Way, # 550, Aurora, CO 80014.

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Plan or the Confirmation Order (each as defined below), as applicable.

26000989.1

*Conclusions of Law, and Order (I) Approving Debtors' (A) Disclosure Statement, (B) Solicitation of Votes and Voting Procedures, and (C) Forms of Ballots and (II) Confirming Joint Prepackaged Chapter 11 Plan of GCX Limited and Its Debtor Affiliates* [Docket No. 203] (the "Confirmation Order"), (ii) deeming the Plan and the applicable Plan Documents, each as modified by the Modification, accepted by all holders of Claims or Interests who previously voted to accept, or were deemed to have accepted, the Plan, and (iii) deeming the Confirmation Order confirming the Plan to apply to the Plan, as modified. In support of the relief requested in the Motion, the Debtors respectfully represent as follows:

### Preliminary Statement

1. In connection with preparation for the Effective Date of the Plan and ongoing discussions regarding the settlement of the separation issues with respect to the Debtors' outgoing Chief Executive Officer that are detailed in the *Debtors' Motion for Entry of an Order Approving Settlement Pursuant to Bankruptcy Rule 9019* [Docket No. 250] (the "9019 Motion"), the Debtors, with the consent of the Senior Secured Noteholder Group, are requesting authority to make a non-material modification to the Plan. Instead of adding to the Non-Released Parties Schedule and the statement on the Liquidating Trust (as defined in Exhibit N of the Plan Supplement) in the Plan Supplement, the Modification clarifies that certain Claims and Causes of Action against the Debtors' current and former officers and directors will not be released under the Plan (subject to certain limitations as set forth in the Plan, as modified) and will be transferred to the Liquidating Trust established under the Plan.

2. The Modification does not change the treatment or classification scheme of the Plan nor does it negatively affect the rights of the Allowed Claims or Allowed Interests of any party, including holders in Class 3 and Class 7 (the "Voting Classes"). While the Debtors believe they have authority under the confirmed Plan and the Plan Documents to implement the

Modification without further order of the Court by modifying the Non-Released Parties Schedule and the statement on the Liquidating Trust in the Plan Supplement, out of an abundance of caution, and in the interest of full disclosure, the Debtors have chosen to make these changes directly to the Plan. The Modification, in substance, amounts to an amendment to the Non-Released Parties Schedule and an explanation of the mechanics regarding how certain Claims and Causes of Action will be retained and prosecuted by the Liquidating Trust. The Confirmation Order, Plan, and Plan Supplement provide that these documents may be subject to further change prior to the Effective Date.[3] By filing this Motion, however, the Debtors are providing notice to the parties that have requested notice under Bankruptcy Rule 2002 for entry of an order expressly authorizing the Modification.

## Jurisdiction and Venue

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this

---

[3] *See, e.g.*, Confirmation Order § 54(b); Plan § 1.114 (definition of Plan Supplement providing that "through the Effective Date, the Debtors shall have the right to amend the Plan Supplement and any schedules, exhibits, or amendments thereto, in accordance with the terms of the Plan and the RSA."); Plan Supplement Ex. M at 1 n.2 (stating that "the Debtors shall have the right to amend the documents contained in the Plan Supplement through and including the Effective Date in accordance with the terms of the Plan and the RSA"), *id.* at 2 ("The Debtors and the Reorganized Debtors expressly reserve all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan, including Causes of Action that are not expressly identified in this Schedule of Retained Causes of Action.").

26000989.1

motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 105(a), 1127(b) and (c), and 1129 of the Bankruptcy Code.

## Background

6. On September 15, 2019 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>") with the Court. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of creditors has been appointed in the Chapter 11 Cases.

7. On the Petition Date, the Debtors filed their (i) *Joint Prepackaged Chapter 11 Plan of GCX Limited and its Debtor Affiliates,* [Docket No. 12], which was modified on December 2, 2019 [Docket No. 169] (as may be further amended, modified, or otherwise supplemented from time to time, the "<u>Plan</u>") and (ii) *Disclosure Statement for Joint Prepackaged Chapter 11 Plan of GCX Limited and Its Debtor Affiliates* [Docket No. 13] (the "<u>Disclosure Statement</u>"). On December 4, 2019, the Court entered the Confirmation Order approving the Disclosure Statement and confirming the Plan.

8. Paragraph 54 of the Confirmation Order allows the Debtors to modify the Plan and the documents contained in the Plan Supplement after the Confirmation Date:

(a) . . . after the Confirmation Date, so long as such action does not

26000989.1

4

>materially and adversely affect the treatment of holders of Allowed Claims or Allowed Interests pursuant to the Plan and subject to the reasonable consent of the Requisite Senior Secured Noteholders, the Debtors may remedy any defect or omission or reconcile any inconsistencies in the Plan or this Order with respect to such matters as may be necessary to carry out the purposes or effects of the Plan, and any holder of a Claim or Interest that has accepted the Plan shall be deemed to have accepted the Plan as amended, modified, or supplemented.
>
>(b) Subject to the terms of the RSA, before the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Plan and may amend the documents contained in the Plan Supplement without further order or approval of the Court with the consent of the Requisite Senior Secured Noteholders (not to be unreasonably withheld).[4]

Section 12.6 of the Plan contains virtually identical language.[5] Section 12.2 of the Plan and paragraph 69 of the Confirmation Order also both provide that on the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.[6]

9. Since the confirmation hearing, the Debtors and their professionals along with the Senior Secured Noteholder Group have worked to finalize the documentation necessary to consummate the Plan and to meet the conditions precedent to the occurrence of the Effective Date set forth in the Plan. After discussions with the Senior Secured Noteholder Group, and with their consent and support, the Debtors determined that the best course was to modify the Plan to provide more detail in the Plan regarding the Claims and Causes of Action that would not be released and the mechanics of such Claims and Causes of Action being transferred to the Liquidating Trust.

---

[4] Confirmation Order § 54.

[5] *See* Plan § 12.6.

[6] Plan § 12.2; Confirmation Order § 69.

26000989.1

**The Proposed Modification**

10. The proposed Modification to the Plan consists of the following:

    a. Adding the following definitions to Article I.A of the Plan:

        - "'*Applicable Claims*' means Claims or Causes of Action held by the Debtors or their Estates against the Debtors' current and former directors and officers, other than Claims or Causes of Action arising out of or related to any act or omission that is a criminal act or constitutes intentional fraud, gross negligence, or willful misconduct as determined by a Final Order."

        - "'*D&O Insurance Policies*' means the directors and officers liability insurance policies, including any tail policies, owned by the Debtors."

    b. Amending section 10.6(a) of the Plan as follows:

        **As of the Effective Date and to the fullest extent allowed by applicable law, except for the rights and remedies that remain in effect from and after the Effective Date to enforce the Plan and the Definitive Documents, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, on and after the Effective Date, the Released Parties shall be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, Wind Down Co, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Persons that may purport to assert any Causes of Action derivatively, by or through the foregoing Persons, from any and all Claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, or liabilities whatsoever, arising on or after the Effective Date, including any derivative Claims or Causes of Action, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, Wind Down Co, or their Estates, whether liquidated or unliquidated, fixed or contingent,**

**matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, by statute, violations of federal or state securities laws or otherwise that the Debtors, the Reorganized Debtors, Wind Down Co, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of a Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the Reorganized Debtors, or Wind Down Co, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the Disclosure Statement, the Forbearance Agreement, the Reorganization Transactions, the DIP Documents, the negotiation, formulation, preparation or consummation of the Plan (including the Plan Supplement), the RSA and any exhibits or documents relating thereto, the solicitation of votes with respect to the Plan (including any other Definitive Document), or the Bermuda Dissolution Proceedings, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than <u>(a)</u> Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act or constitutes intentional fraud, gross negligence, or willful misconduct as determined by a Final Order <u>and (b) the Applicable Claims.  The Applicable Claims, if any, are preserved and shall be transferred and/or assigned to the liquidating trust established pursuant to section 5.5(f)(iv) herein, provided that (i) any recovery by such liquidating trust (and the beneficiaries thereof) on account of any Applicable Claim, including in each case by way of settlement or judgment, shall be limited to the extent of the available D&O Insurance Policies' combined limits, after payment from such D&O Insurance Policies of any and all covered costs and expenses incurred by a director or officer in connection with the defense of an Applicable Claim; and (ii) no party, including any trustee or any beneficiary of such</u>**

**liquidating trust, shall execute, garnish, or otherwise attempt to collect on any settlement of or judgment relating specifically to an Applicable Claim upon any personal assets of such director or officer except to the extent necessary to trigger coverage under the D&O Insurance Policies; provided further that in the event coverage under the D&O Insurance Policies is denied, such director or officer shall assign any claims for coverage or other rights of recovery they may have against the D&O Insurance Policies' insurers to such liquidating trust.**

### Relief Requested

11.     By this Motion, the Debtors seek entry of the Proposed Order, pursuant to sections 1127(b) and (c) of the Bankruptcy Code, (i) approving the Modification, (ii) deeming the Plan and the applicable Plan Documents, each as modified by the Modification, accepted by all holders of Claims or Interests who previously voted to accept, or were deemed to have accepted, the Plan, and (iii) deeming the Confirmation Order confirming the Plan to apply to the Plan, as modified.

### Basis for Relief Requested

**I.     The Modification Complies with the Confirmation Order and Plan**

12.     Paragraph 54 of the Confirmation Order and section 12.6 of the Plan allow the Debtors to modify the Plan after the Confirmation Date to remedy defects, omissions, and inconsistencies with respect to matters that are necessary to carry out the purposes or effects of the Plan with the consent of the Requisite Senior Secured Noteholders.  The Modification provides additional detail regarding the scope of the liquidation trust referenced in section 5.5(f)(iv) of the Plan and in the Plan Supplement as well as clarifies that certain Claims and Causes of Action against Debtors' current and former directors are not being released. Moreover, the Debtors have the consent of the Requisite Senior Secured Noteholders to make the Modification.  The Debtors have, therefore, complied with the Confirmation Order and Plan.

26000989.1

## II. The Modification Satisfies Section 1127(b) of the Bankruptcy Code

13. This Motion seeks entry of an order approving and authorizing the Modification consistent with the standards for approval of modifications to confirmed plans under section 1127(b) of the Bankruptcy Code.

14. Post confirmation modifications under section 1127(b) require that (i) "substantial consummation" has not yet occurred, (ii) "circumstances warrant such modification," (iii) "such plan as modified [] meet[s] the requirements of sections 1122 and 1123 and (iv) they be confirmed by the court "after notice and a hearing" under section 1129.[7]

### A. Substantial Consummation of the Plan Has Not Yet Occurred

15. Paragraph 69 of the Confirmation Order and section 12.6 of the Plan both provide that the Plan shall be deemed to be substantially consummated on the Effective Date. The Plan has not yet gone effective, and, indeed, will not go effective for some time due to requirements to obtain certain governmental approvals.

### B. The Circumstances Warrant the Modification

16. The circumstances warrant the Modification. Indeed, the Debtors' believe their Estates are better served by making the Modification as the Modification helps the Debtors maximize the value of their estates and provides clarity regarding the scope of the Claims and Causes of Action that are not released under the Plan. Moreover, the Modification is contemplated by the 9019 Motion, which has the support of the Debtors and the Senior Secured Noteholder Group.

### C. The Modified Plan Fully Complies with Sections 1122 and 1123.

17. The Court has already found that the Plan complies with section 1122 and 1123.

---

[7] 11 U.S.C. § 1127(b).

26000989.1

9

Accordingly, because the Modification does not alter the classification of Claims or Interests under the Plan, the Plan, as modified, continues to meet the requirements of section 1122.

18. Similarly, the Plan, as modified, continues to meet the requirements of section 1123 of the Bankruptcy Code. Section 1123(a) lists certain requirements of a chapter 11 plan. The Modification does not affect the Plan's compliance with section 1123(a) because the Plan, as modified, continues to (i) designate classes of claims and interests under 1123(a)(1); (ii) specify any classes that are unimpaired under 1123(a)(2); (iii) specify the treatment of impaired classes under 1123(a)(3); (iv) provide the same treatment for each claim or interest of a particular class under 1123(a)(4); (v) include a provision prohibiting the issuance of nonvoting equity securities under 1123(a)(6); and (vi) provide provisions that are consistent with the interests of creditors, equity security holders, and with public policy as required by 1123(a)(7).

19. Importantly, the Modification is necessary to ensure that the Plan can satisfy section 1123(a)(5), which requires that the Plan provide adequate means for its implementation and further clarifies the scope of the claims to be retained by the Liquidating Trust pursuant to section 1123(b)(3)(B) (which permits the retention and enforcement of claims by a representative of the estate under a plan).

### III. The Modification Does Not Require Further Disclosure or Resolicitation

20. Section 1127(c) of the Bankruptcy Code requires that, any proposed modification to a plan must comply with, among other things, the disclosure requirements of section 1125 of the Bankruptcy Code. The legislative history of section 1127(c) makes clear that not all modifications to a confirmed plan require new disclosure.[8] Courts hold that further disclosure

---

[8] *See* H. Rep. No. 595, 95th Cong., 1st Sess., 411 (1977) ("if the modification were sufficiently minor, the court might determine that additional disclosure was not required under the circumstances").

26000989.1

and resolicitation of votes on a modified plan is required only when the modification materially *and* adversely impacts parties who previously voted for the plan.[9]

21. The court in *In re American Solar King Corporation*[10] explained the logic behind not requiring disclosure and resolicitation of a plan modification where such modification is not material:

> Ballots solicited with the original disclosure statement previously approved by the court will still be valid for the modified plan, because that disclosure statement is presumed already to contain "adequate information" to cover minor modifications. "Adequate information" is a term of art, defined by Section 1125 to be that disclosure necessary for a reasonable investor to make an informed judgment on whether to vote for a given plan. 11 U.S.C. § 1125(a)(1). A modification which is not "material" is by definition one which will not affect an investor's voting decision. Additional disclosure would serve no purpose and would therefore not be required.[11]

22. The Debtors submit that the Modification is not material and does not adversely impact holders of Allowed Claims and Allowed Interests. "A modification is material if it so affects a creditor or interest holder who accepted the plan that such entity, if it knew of the

---

[9] *See, e.g., Beal Bank, S.S.B. v. Jack's Marine, Inc. (In re Beal Bank, S.S.B.)*, 201 B.R. 376, 380 (E.D. Pa. 1996) (further disclosure and solicitation not required under sections 1127(b) and (c) where modification to plan is immaterial); *In re Century Glove, Inc.*, No. CIV. A. 90-400-SLR, 1993 WL 239489, at *3–4 (D. Del. Feb. 10, 1993) (upholding bankruptcy court's finding that section 1127 did not require further disclosure and resolicitation of votes on plan modification that altered the treatment to only one creditor when "the modifications at issue did not materially and adversely impact any creditors who previously voted for the Plan"); *In re Am. Solar King Corp.*, 90 B.R. 808, 823–24 (Bankr. W.D. Tex. 1988) ("Further disclosure occurs only when and to the extent that the debtor intends to solicit votes from previously dissenting creditors or when the modification materially and adversely impacts parties who previously voted for the plan."); *see also In re Temple Zion*, 125 B.R. 910, 914 (Bankr. E.D. Pa. 1991) (further disclosure pursuant to section 1125 is unnecessary where post-confirmation plan modification under section 1127(b) affected distribution to only one creditor, but did not affect any allegedly impaired class); *In re Aleris Int'l, Inc.*, 2010 WL 3492664, at *32 (Bankr. D. Del. May 13, 2010) ("Further disclosure and resolicitation of votes on a modified plan is only required . . . when the modification materially *and* adversely affects parties who previously voted for the plan.") (citations omitted) (emphasis in original); *In re Federal–Mogul Global Inc.*, 2007 WL 4180545, at *39 (Bankr. D. Del. Nov. 16, 2007) (additional disclosure under section 1125 is not required where plan "modifications do not materially and adversely affect or change the treatment of any Claim against or Equity Interest in any Debtor").

[10] 90 B.R. 808 (Bankr. W.D. Tex. 1988).

[11] *Id.* at 824, n.28 (internal citations omitted).

26000989.1

modification, would be likely to reconsider its acceptance."[12] Courts have held that proposed plan modifications are not adverse where "[n]one of the changes negatively affects the repayment of creditors. . . ."[13] Here, as previously noted, the Modification provides that recoveries on account of Applicable Claims may be pursued by the Liquidating Trust for the benefit of Senior Secured Note Claims. Such a modification is not material or adverse to creditors or interest holders because it does not substantively affect the timing, recoveries, or other repayment rights of holders of Allowed Claims and Allowed Interests.[14] None of these rights are altered by the Plan, as modified.

## Request for Waiver of Stay

23. The Debtors respectfully request that the Court cause the Proposed Order to become effective immediately upon its entry notwithstanding the potential applicability of Bankruptcy Rules 3020(e), 6004(h), and 7062. Such a waiver is appropriate in these circumstances because it will allow the Debtors, their professionals, and the Senior Secured Noteholder Group to narrow their focus on the other key restructuring issues that remain to meet the conditions precedent to the occurrence of the Effective Date.

## Notice

24. Notice of this Motion will be provided to: (i) the Office of the United States

---

[12] *Am. Solar King*, 90 B.R. at 824 (internal citation omitted).

[13] *See, e.g.*, *In re Mount Vernon Plaza Cmty. Urban Redevelopment Corp. I,* 79 B.R. 305, 306 (Bankr. S.D. Ohio 1987); *see also Am. Solar King*, 90 B.R. at 823, n. 27 ("The modified plan need not be resubmitted to creditors and interest holders if the court finds that they are not adversely affected.") (internal citations omitted).

[14] *See, e.g.*, *Am. Solar King*, 90 B.R. at 824 (holding that an amendment to a plan to increase the distribution of stock in the reorganized company to one creditor such that other creditors' recoveries would be diluted by less than one percent as a result of the modification to "be so small" so as to be immaterial); *Beal Bank,* 201 B.R. at 380 (holding that a modification to a plan after confirmation to extend by 60 days the date on which a creditor would receive payment did not require further disclosure or solicitation "given the immaterial nature of the modification."); *In re Boylan Int'l, Ltd.*, 452 B.R. 43, 47 (Bankr. S.D.N.Y 2011) (finding proposed time extension a modification for purposes of section 1127(b) because creditors did not benefit from the payment of proceeds for a further extended period of time).

Trustee for the District of Delaware; (ii) counsel to the DIP Agent; (iii) counsel to the Ad Hoc Noteholder Group; (iv) the Debtors' 30 largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; and (v) those parties who have formally filed requests for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request that the Court enter the Proposed Order, granting the Debtors: (i) the relief requested herein; and (ii) such other and further relief as the Court may deem proper.

Dated: February 5, 2020
      Wilmington, Delaware

/s/ *Jaime Luton Chapman*
M. Blake Cleary (No. 3614)
Matthew B. Lunn (No. 4119)
Jaime Luton Chapman (No. 4936)
Jared W. Kochenash (No. 6557)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

- and -

Chris L. Dickerson (admitted *pro hac vice*)
Brendan M. Gage (admitted *pro hac vice*)
Robert A. Dixon Jr. (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (302) 499-6100

- and -

Todd M. Schwartz (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
1117 South California Avenue
Palo Alto, California 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

*Counsel to the Debtors and Debtors in Possession*

26000989.1