IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x
: 
In re: : Chapter 11
: 
GCX Limited, et al.,[1] : Case No. 19-12031 (CSS)
: 
Debtors. : Jointly Administered
: 
: **RE: Docket Nos. 12, 156, 169, 172, 203 & 269**
-------------------------------------------------------------x

**ORDER (I) AUTHORIZING NON-MATERIAL MODIFICATION OF THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN PURSUANT TO SECTION 1127(b) OF THE BANKRUPTCY CODE AND (II) DETERMINING THAT FURTHER DISCLOSURE AND RESOLICITATION OF VOTES ARE NOT REQUIRED PURSUANT TO SECTION 1127(c) OF THE BANKRUPTCY CODE**

Upon the motion, dated February 5, 2020 (the "Motion")[2] of GCX Limited and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 1127(b) and (c), and 1129 of the Bankruptcy Code, (i) authorizing the modification of the Debtors' *Joint Prepacked Chapter 11 Plan (as Modified) of GCX Limited and Its Debtor Affiliates*, dated December 2, 2019 (the "Plan") annexed as **Exhibit A** to the Confirmation Order, (ii) deeming the Plan and the applicable Plan Documents, each as modified by the Modification, accepted by all holders of Claims or Interests who previously voted to accept, or were deemed to have accepted, the Plan,

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are GCX Limited (n/a); FLAG Telecom Development Limited (n/a); FLAG Telecom Group Services Limited (n/a); FLAG Telecom Ireland Network DAC (n/a); FLAG Telecom Network Services DAC (n/a); FLAG Telecom Network USA Limited (2662); Reliance FLAG Atlantic France SAS (n/a); Reliance FLAG Telecom Ireland DAC (n/a); Reliance Globalcom Limited (n/a); Reliance Vanco Group Limited (n/a); Vanco Australasia Pty Limited (n/a); Vanco GmbH (n/a); Vanco SAS (n/a); Vanco UK Limited (n/a); Vanco US, LLC (0221); and VNO Direct Limited (n/a). The location of Debtor FLAG Telecom Network USA Limited's principal place of business and the Debtors' service address in these chapter 11 cases is 3190 S Vaughn Way, # 550, Aurora, CO 80014.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

26000989.3

and (iii) deeming the Confirmation Order confirming the Plan to apply to the Plan, as modified, all as set forth more fully in the Motion; the Court having reviewed the Motion and having considered the Motion at a hearing before the Court, if any (the "Hearing"); and the Court having found (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having found further that (i) the Motion is brought, and the Modification is, in compliance and in accordance with the Confirmation Order and the Plan, (ii) the Modification satisfies the requirements of section 1127 of the Bankruptcy Code, specifically, (a) the Plan has not been substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code, (b) the circumstances described in the Motion warrant the proposed Modification, (c) the Plan, as modified, fully complies with sections 1122, 1123, and 1129 of the Bankruptcy Code, (d) the Modification is not material and does not have an adverse effect on creditors and interest holders who voted in favor of the Plan, and (e) no resolicitation of votes is necessary; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All responses and objections not heretofore withdrawn or resolved by this Order are overruled in all respects.

3. The Debtors are not required to provide further disclosure in respect of the Modification to the Plan or to resolicit the votes of any holder of a Claim or Interest as a result thereof.

26000989.3

4. The following definitions shall be added to Article I.A. of the Plan:

   a. "'*Applicable Claims*' means Claims or Causes of Action held by the Debtors or their Estates against the Debtors' current and former directors and officers, other than Claims or Causes of Action arising out of or related to any act or omission that is a criminal act or constitutes intentional fraud, gross negligence, or willful misconduct as determined by a Final Order."

   b. "'*D&O Insurance Policies*' means the directors and officers liability insurance policies, including any tail policies, owned by the Debtors."

5. Section 10.6(a) of the Plan shall be amended to read as follows:

   **As of the Effective Date and to the fullest extent allowed by applicable law, except for the rights and remedies that remain in effect from and after the Effective Date to enforce the Plan and the Definitive Documents, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, on and after the Effective Date, the Released Parties shall be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, Wind Down Co, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Persons that may purport to assert any Causes of Action derivatively, by or through the foregoing Persons, from any and all Claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, or liabilities whatsoever, arising on or after the Effective Date, including any derivative Claims or Causes of Action, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, Wind Down Co, or their Estates, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, by statute, violations of federal or state securities laws or otherwise that the Debtors, the Reorganized Debtors, Wind**

**Down Co, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of a Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the Reorganized Debtors, or Wind Down Co, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the Disclosure Statement, the Forbearance Agreement, the Reorganization Transactions, the DIP Documents, the negotiation, formulation, preparation or consummation of the Plan (including the Plan Supplement), the RSA and any exhibits or documents relating thereto, the solicitation of votes with respect to the Plan (including any other Definitive Document), or the Bermuda Dissolution Proceedings, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than (a) Claims or Causes of Action arising out of or related to any act or omission of a Released Party that is a criminal act or constitutes intentional fraud, gross negligence, or willful misconduct as determined by a Final Order and (b) the Applicable Claims.  The Applicable Claims, if any, are preserved and shall be transferred and/or assigned to the liquidating trust established pursuant to section 5.5(f)(iv) herein, provided that (i) any recovery by such liquidating trust (and the beneficiaries thereof) on account of any Applicable Claim, including in each case by way of settlement or judgment, shall be limited to the extent of the available D&O Insurance Policies' combined limits, after payment from such D&O Insurance Policies of any and all covered costs and expenses incurred by a director or officer in connection with the defense of an Applicable Claim; and (ii) no party, including any trustee or any beneficiary of such liquidating trust, shall execute, garnish, or otherwise attempt to collect on any settlement of or judgment relating specifically to an Applicable Claim upon any personal assets of such director or officer except to the extent necessary to trigger coverage under the D&O Insurance Policies; provided further that in the event coverage under the D&O Insurance Policies is denied, such director or officer shall assign any claims for coverage or other rights of recovery they may have against the D&O Insurance Policies' insurers to such liquidating trust.**

6. The Confirmation Order confirming the Plan shall apply to the Plan as modified by this Order.

7. Any holder of a Claim or Interest in Class 3 or Class 7 that has accepted the Plan is deemed to have accepted the Plan, as modified.

8. Notwithstanding the possible applicability of Bankruptcy Rule 3020(e), 6004(h) or 7062 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: February 25th, 2020
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

26000989.3